UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN P. TUTTLE,<br><br>        Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>        Defendant. | No. 1:20-cv-00929-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 22)** |

### I. Introduction

Plaintiff Sean P. Tuttle ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[1] *See* Docs. 22, 23. After reviewing the record the Court finds that substantial evidence and applicable law support the ALJ's decision. Plaintiff's appeal is therefore denied.

### II. Procedural Background

On June 13, 2016 Plaintiff applied for benefits alleging disability as of June 13, 2014 due to left knee problems, depression and back problems. AR 133, 148. The Commissioner denied the applications initially on November 16, 2016, and on reconsideration on March 23, 2017. AR 149–52; 155–59.

Plaintiff requested a hearing which was held before an Administrative Law Judge (the "ALJ") on June 26, 2019. AR 73–101. On August 9, 2019 the ALJ issued a decision denying Plaintiff's application. AR 14–54. The Appeals Council denied review on May 22, 2020. AR 1–

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. *See* Docs. 10 and 12.

6. On July 5, 2020 Plaintiff filed a complaint in this Court.  Doc. 1.

### III.     Factual Summary[2]

#### A.     Plaintiff's Testimony

Plaintiff lived with his mother.  AR 83.  He attempted to help her with household chores and did so with great difficulty.  AR 83.  He required a cane to ambulate after his 2016 knee surgery.  AR 84–85.  He was quite limited in his ability to sit, stand and walk for extended periods of time.  AR 85–86.  He was afraid of people and crowds.  AR 86.  He experienced pain with activities such as carrying groceries into the house from the car.  AR 88.  He suffered from back pain radiating up his spine and down his legs.  *Id.*  If he walked for more than five minutes he experienced burning pain down his left leg to his foot.  AR 89.

#### B.     Prior Administrative Decision

Following a previous disability application, ALJ Heyer issued an unfavorable decision in 2010 in which he determined that Plaintiff had the RFC to perform light work with a sit/stand option, was unable to perform his past relevant work as a security guard or physical therapy aide, but could perform other work existing in significant numbers in the national economy including assembler, order clerk and charge account clerk.  AR 113.  Accordingly, he determined that Plaintiff was not disabled.

#### C.     Current Administrative Decision

In the instant case, ALJ Denney found at step one that Plaintiff had not engaged in substantial gainful activity since his application date of June 13, 2016.  AR 20.  At step two the ALJ found that Plaintiff had the following severe impairments: degenerative changes and scoliosis of the thoracic spine and lumbar spine; status post left total knee arthroplasty due to severe degenerative joint disease; status post open reduction and internal periprosthetic femur facture of the left leg using a plate and screws with cable construct.  AR 20.  The ALJ found that Plaintiff had the following non-severe impairments: degenerative right knee arthritis, neck pain, sacroiliac joint degeneration, spina bifida occulta, obesity, prediabetes, vitamin D insufficiency, elevated blood

---

[2] Plaintiff's opening brief indicates that a "detailed recitation of medical evidence is inappropriate here given the purely legal nature of the issues the plaintiff raises on appeal." Br. at 2, Doc. 22.  Accordingly, following a brief factual overview, the discussion herein will be limited to the issues specifically raised in this appeal.

pressure, sinus problems, right elbow septic traumatic olecranon bursitis, depression, anxiety and marijuana substance abuse. AR 20–25. At step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 25.

Prior to step four the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that prior to December 5, 2017 Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations: needed a cane to ambulate; could occasionally perform some postural activities and never perform others; and, could have no concentrated exposure to moving mechanical parts and unprotected heights. AR 26. The ALJ further found that as of December 5, 2017 Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations: could sit for a maximum of six hours in an eight-hour day; could occasionally perform some postural activities and never perform others; needed to avoid exposure to moving mechanical parts and unprotected heights. AR 26.

At step four, the ALJ found that Plaintiff could not perform any of his past work prior to December 5, 2017, but could perform his past work as a security guard as of that date. AR 46. At step five, in reliance on the VE's testimony, the ALJ found that prior to and as of December 5, 2017, Plaintiff could perform jobs existing in significant numbers in the national economy. AR 48. Accordingly, the ALJ found that Plaintiff was not disabled since his application date. AR 49.

**IV.     Standard of Review, Generally**

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not

affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and internal quotation marks omitted).

If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

### V. **The Disability Standard**

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears

the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy, given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

### VI. Issues Presented

Plaintiff contends that the ALJ improperly applied res judicata to the prior ALJ's findings.

#### A. Applicable Law

When an applicant has one or more previous denials of applications for disability benefits, he or she must overcome a presumption of non-disability. The principles of res judicata apply to administrative decisions, although the doctrine is less rigidly applied to administrative proceedings than in court. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988).

Social Security Acquiescence Ruling ("SSR") 97–4(9), adopting *Chavez*, applies to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Social Security Act as a prior claim in which there has been a final administrative decision that the claimant is not disabled. A previous final determination of non-disability creates a presumption of continuing non-disability in the unadjudicated period. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). The presumption may be overcome by a showing of changed circumstances such as new and material changes to the claimant's residual functional capacity, age, education, or work experience. *Id.* at 827–28; *Chavez*, 844 F.2d at 693.

Where a change of circumstances precludes the application of res judicata on the ultimate issue of non-disability, prior administrative findings on individual issues such as RFC, education, and work experience are nevertheless entitled to res judicata effect absent "new and material" evidence on those issues. *Chavez*, 844 F.2d at 693–94. Evidence is "new" if it was not presented to the previous judge. *Id.* Evidence is "material" if it bears "directly and substantially on the matter in dispute," and there is a "reasonable possibility" that the new evidence would have changed the

outcome of the administrative proceeding. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982); *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1983)).

**B.    Analysis**

Here, ALJ Denney determined that the presumption of non-disability did not apply due to a change of circumstances.  ALJ Denney concluded that several departures were warranted from ALJ Heyer's prior decision which was issued nine years prior.  First, notwithstanding ALJ Heyer's determination that Plaintiff's depression was a severe impairment, ALJ Denney concluded it was not severe based on "new and material evidence showing the claimant's mental health has remained essentially stable for years with relatively conservative treatment and based on the opinions of Drs. Hamill, Flocks, and Funkenstein, I do not adopt ALJ Heyer's finding regarding severe depression."  AR 25.  Plaintiff does not challenge this determination.

ALJ Denney also concluded that the prior "physical residual functional capacity was based primarily on a severe impairment ALJ Heyer identified as chronic mechanical back pain. The record contains new and material evidence that leads me to give limited res judicata effect to ALJ Heyer's finding, including the claimant undergoing two surgeries on his left lower extremity."  AR 44 (citation omitted).

Plaintiff's 9-page brief consists of three paragraphs of substantive argumentation challenging ALJ Denney's departure from ALJ Heyer's physical RFC.  After quoting ALJ Denney's reasoning for not giving ALJ Heyer's physical RFC res judicata effect, as set forth above, Plaintiff argues as follows:

> In other words, ALJ Denney appears to have determined that the plaintiff's physical condition had *worsened* since ALJ Heyer made his determination. This is consistent with ALJ Denney's determination that the plaintiff's spinal condition was degenerative (i.e., getting worse over time) in nature (AR 20-21, 28-29, 39-40), as well as his determination that the plaintiff had developed new medical impairments related to the left lower extremity, but wholly inconsistent with ALJ Denney's

>finding that the plaintiff had a greater RFC than that opined by ALJ Heyer. ALJ Denney made absolutely no findings of changed circumstances indicating lesser disability with regard to the plaintiff's spinal impairment. Instead, ALJ Denney specifically noted that the plaintiff's lumbar spine multilevel degenerative changes had grown progressively worse. AR 39. As ALJ Denney determined that the plaintiff's physical condition had worsened since ALJ Heyer's decision, ALJ Denney's finding of a greater (i.e., less physically limiting) RFC was inconsistent with the principles of res judicata and is not supported by substantial evidence.

Br. at 8, Doc. 22 (emphasis in original). Plaintiff therefore contends that ALJ Denney was unjustified in his "rejection of ALJ Heyer's findings regarding the plaintiff's physical impairments, maximum RFC, and inability to perform his past relevant work." Br. at 7. Plaintiff's argument is unpersuasive for several reasons.

First, Plaintiff is incorrect in his suggestion that ALJ Denney's departure from ALJ Heyer's RFC was based on a finding that his overall physical conditioned had worsened. Although ALJ Denney found that Plaintiff had degenerative spinal changes (a condition which implies a worsening over time), ALJ Denney's departure from ALJ Heyer's opinion was not based on degenerative spinal changes. Rather, ALJ Denney declined to give res judicata effect to ALJ Heyer's decision because ALJ Heyer's physical RFC was based solely on Plaintiff's chronic mechanical back pain, whereas in the instant case Plaintiff was status post two left lower extremity surgeries. AR 44.

Nor does ALJ Denney's opinion suggest that Plaintiff's overall physical condition had necessarily worsened given his spinal degeneration, his new impairments, or the need for surgery. Plaintiff cites ALJ Denney's discussion of imaging studies revealing worsening degeneration (AR 39) but ignores the ALJ's discussion on the same page that Plaintiff reported improvement in back pain, strength and gait with physical therapy and medication. AR 39. Plaintiff also selectively quotes the paragraph of ALJ Denney's decision in which he discussed Plaintiff's surgeries as if the need for surgery necessarily implied that Plaintiff's overall physical condition had worsened. In fact, the very next paragraph of ALJ Denney's opinion explains not only that Plaintiff was relatively

7

active before his surgeries (and capable of sedentary exertional work) but that his functionality was even greater thereafter, supporting an increased RFC to light work. AR 45. Plaintiff offers no factual support for the notion that he was more limited as of the 2019 decision than he was as of the 2010 decision.

Second, Plaintiff incorrectly suggests that, after ALJ Denney determined the presumption of continued non-disability did not apply, the only permissible departure from ALJ Heyer's previous RFC formulation (if any) was for ALJ Denney to assess a more physically limiting RFC. *Chavez* holds that where the presumption of non-disability is overcome, the previous ALJ's RFC determination may be reopened if there is new and material evidence on the issue. *Chavez*, 844 F.2d at 693–94. Nothing in *Chavez* suggests that a reopening of the previous RFC can only result in a more restrictive RFC. Plaintiff does not specifically dispute the notion that new and material evidence was present here, evidence which ALJ Denney set forth in detail in a 20-page RFC analysis, including lower extremity surgeries (AR 45) and many years of physical examinations (AR 29, 33, 35), physical therapy progress notes (AR 32), and other treatment history. AR 26–46.

Third, Plaintiff is incorrect in his contention that ALJ Denney reached a "greater (i.e., less physically limiting)" RFC than ALJ Heyer's "maximum RFC." ALJ Heyer concluded that Plaintiff could perform light work but for the need for a sit/stand opinion. AR 109. ALJ Denney concluded in the first of two RFCs that Plaintiff was limited to sedentary work with postural and environmental restrictions, as well as the need for a cane. AR 26. ALJ Denney's second RFC reflects that Plaintiff was limited to light work with postural and environmental restrictions. AR 26. In sum, both of ALJ Denney's RFCs were more limiting than ALJ Heyer's in some respects and less limiting in others, as each included restrictions that the other did not. They were simply distinct RFCs supported by distinct evidence. To the extent Plaintiff's use of the terms "greater" and "maximum" RFC is intended to refer to the concept of exertional level (sedentary, light, medium, heavy, very

heavy), the argument is unpersuasive. The first of ALJ Denney's two RFCs was indeed at the sedentary exertional level, the lowest of the five exertional levels set forth in the regulations. *See* 20 C.F.R. § 416.967. ALJ Denney's second RFC was at the light exertional level, the same exertional level as ALJ Heyer's RFC (granted ALJ Heyer included a sit/stand option which ALJ Denney did not).[3]

Finally, remand is not warranted in any event because the outcome would not have changed had ALJ Denney adopted ALJ Heyer's RFC, as Plaintiff contends he should have. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless"). Indeed, ALJ Heyer ultimately found Plaintiff not disabled in his 2010 decision because Plaintiff could perform other work existing in significant numbers in the national economy. It stands to reason that adopting the same RFC in this case would yield the same result absent a change in age category, experience or other vocational factors, none of which is present here.

Plaintiff argues that such a finding would no longer pertain given Plaintiff's increased age. Specifically, Plaintiff contends that the Medical Vocational Guidelines (the "grids") would now mandate a finding of disability for someone with an RFC at the sedentary exertional level who is over 50 years old (Plaintiff's current age) with Plaintiff's education level, vocational background with no transferable skills. Br. at 8 (citing 20 CFR, Pt. 404, Subpt. P, App. 2, Rule 201.14). Although Plaintiff accurately articulates the grid rule (which is applicable to individuals "closely approaching advanced age", i.e. ages 50-54), it simply did not apply to Plaintiff at the time of ALJ Denney's decision at which time Plaintiff was 48 years old, not 50.

ALJ Denney declined to give res judicata effect to ALJ Heyer's RFC, reached a distinct RFC based on new and material evidence, and provided a 20-page explanation in support thereof.

---

[3] The VE's testimony in that case suggested that he considered light work with a sit/stand option to be equivalent to sedentary work. AR 70.

Plaintiff does not acknowledge or dispute ALJ Denney's detailed findings in support of the RFC other than to the extent it differed from ALJ Heyer's. That argument is unavailing for the reasons explained above.

### VII. Conclusion and Order

Accordingly, the Court finds that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is therefore denied. The Clerk of Court is directed to enter judgment in favor Defendant Kilolo Kijakazi, Commissioner of Social Security, and against Plaintiff Sean P. Tuttle.

IT IS SO ORDERED.

Dated:   **August 20, 2021**                              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE